**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| SHALONDA NICHOLE LASHE PAGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:20-CV-79-RWS |
| | ) | |
| BART HERCELES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of plaintiff Shalonda Nichole Lashe Page (registration no. 1266460), an inmate at Chillicothe Correctional Center ("CCC") in Chillicothe, Missouri, for leave to commence this civil action without prepayment of the required filing fee. ECF No. 2. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $76.68. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court

each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid.
*Id.*

In support of the instant motion, plaintiff submitted a copy of her Missouri Department of Corrections certified inmate account statement for the period of July 1, 2020 through January 3, 2021. ECF No. 7. A review of plaintiff's account indicates an average monthly deposit of $383.38 and an average monthly balance of $114.19. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $76.68, which is 20 percent of plaintiff's average monthly deposit.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court

should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).  However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law.  *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel.  *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

On December 15, 2020, self-represented plaintiff Shalonda Nichole Lashe Page filed the instant action on a Prisoner Civil Rights Complaint form pursuant to 42 U.S.C. § 1983.  ECF No. 1.  Plaintiff brings her claims against three defendants:  (1) Missouri Department of Corrections ("MDOC") Board of Probation and Parole; (2) Bart Herceles, a Probation and Parole Officer, in his official capacity; and (3) Michael Phelps, a Probation and Parole Officer, in his official capacity.

Plaintiff alleges she "violated [] probation in 2015 for special conditions and couple other violations."  Plaintiff states she was sober and attending "[B]ridgeway classes every day like [she] was supposed to up until [she] was sexually harassed and bullied" by a counselor who is not named as a defendant.  Plaintiff alleges the counselor asked her for "personal pictures."  After she resisted, the counselor "made [her] life a living hell" and she "quit going to class all together."  Plaintiff informed her probation officer, defendant Herceles, about the counselor's actions, but Herceles accused her of lying to evade a drug test and subsequently suspended her probation.  Plaintiff alleges this incident has left her "traumatized, scared to be around men" and unable to "leave [her] room."

Plaintiff further alleges that another probation officer, Michael Phelps, "put [her] in harms way" by making "some serious threats" in August of 2019. Plaintiff alleges Phelps told her that if she "did not move out of Warren County he would send [her] to prison." Plaintiff states he then "forced [her] to move out of [her] place" and told her "it'd be better if [she] moved and didn't come back." After she was incarcerated in Warren County jail, plaintiff alleges Phelps visited her and accused her "of causing ruc[k]us in Warrenton."

Included with the complaint is a handwritten page in which plaintiff states that a correctional officer named Sargent Hale harassed her when she was incarcerated at the Women's Eastern Reception and Diagnostic Correctional Center. Sergeant Hale is not a named defendant in this action. Plaintiff states that Sargent Hale "made a comment saying I heard about you accu[]sing people of stuff they didn't do and it to me was about all of this and another incident that happened here at the prison." Plaintiff provides no other information and does not explain how Sergeant Hale's comments relate to her allegations against the defendants in this action.

For relief, plaintiff requests "to be released from prison and off probation and parole." Plaintiff does not seek any monetary damages.

## Discussion

Having carefully reviewed the complaint, the Court concludes that plaintiff's claims against defendants must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### A. Missouri Department of Corrections Board of Probation and Parole

Plaintiff's complaint is legally frivolous because the MDOC's Division of Probation and Parole is not an entity that can be sued under § 1983. Plaintiff's claims are barred by the Eleventh Amendment and, as a result, must be dismissed. *See Alabama v. Pugh, 438* U.S. 781, 782 (1978); *Jackson v. Missouri Board of Probation and Parole*, 306 Fed. Appx. 333 (8th Cir. 2009). A suit against the MDOC or a division of the MDOC is, in effect, a suit against the State of Missouri.

The State of Missouri, however, is not a "person" for purposes of a § 1983 action and is absolutely immune from liability under § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 63 (1989). *E.g., Barket, Levy & Fine, Inc. v. St. Louis Thermal Energy Corp.*, 948 F.2d 1084, 1086 (8th Cir. 1991) (agency exercising state power is not "person" subject to § 1983 suit). As a result, the complaint shall be dismissed as to the MDOC Division of Probation and Parole pursuant to 28 U.S.C. § 1915(e)(2)(B).

**B. Official Capacity Claims against Defendants Herceles and Phelps**

Plaintiff's official capacity claims against defendants Herceles and Phelps will also be dismissed because they are not cognizable under § 1983. Plaintiff alleges these defendants are employed by the MDOC, a state agency.[1] Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. *Will*, 491 U.S. at 71. *See also Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent"). "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Id. See also Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016) ("a state is not a person for purposes of a claim for money damages under § 1983"). *See also Yount v. Long*, No. 4:07-CV-1657-FRB, 2008 WL 5191467, at *2 (E.D. Mo. Dec. 11, 2008) (dismissing claims against parole officers and parole administrators in their official capacities for the reason they are not "persons" under § 1983).

---

[1] In the complaint, plaintiff provides the address of the MDOC's Division of Probation and Parole in Jefferson City, Missouri as the address of the employer of both Herceles and Phelps. ECF No. 1 at 2-3.

Moreover, the Eleventh Amendment provides immunity to state officials who are sued in their official capacities. *See In re Sdds*, 97 F.3d 1030, 1035 (8th Cir. 1996). The Eighth Circuit has held that § 1983 does not abrogate the states' Eleventh Amendment immunity. *See Williams v. State of Missouri*, 973 F.2d 599, 600 (8th Cir. 1992) (Congress did not abrogate the states' Eleventh Amendment immunity by enacting 42 U.S.C. § 1983); *Zajrael v. Harmon*, 677 F.3d 353, 355 (8th Cir. 2012) (§ 1983 provides no cause of action against agents of the State acting in their official capacities).

As a result, the complaint shall be dismissed as to defendants Herceles and Phelps in their official capacities pursuant to 28 U.S.C. § 1915(e)(2)(B).

**C. Individual Capacity Claims against Defendants Herceles and Phelps**

Plaintiff's complaint limited her claims against defendants Herceles and Phelps to their official capacities. The Court notes, however, that, even if she were to have sued them in their individual capacities, such claims would also fail.

As to defendant Herceles, plaintiff alleges she told him about an incident with her Bridgeway counselor which caused her to stop attending classes. Plaintiff does not explain what kind of classes she was taking or whether they were ordered by a court. Plaintiff alleges Herceles accused her of lying about the counselor's actions to evade a drug test and subsequently suspended her probation. Thus, it appears plaintiff is alleging that Herceles unlawfully revoked her probation.

Plaintiff cannot sustain a claim relating to the revocation of her probation. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court determined that where a judgment in favor of the plaintiff would necessarily implicate the validity of the plaintiff's conviction or the length of the sentence, a cause of action under § 1983 is not cognizable unless the plaintiff can show that the underlying "conviction or sentence had been reversed on direct appeal, declared invalid by a state tribunal authorized to make such a determination, or called into question by the issuance of a

federal writ of habeas corpus." *Id.* at 487. "*Heck* applies to proceedings [that] call into question the fact or duration of parole." *Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir.), *cert. denied*, 516 U.S. 851 (1995). A plaintiff in a § 1983 suit may not question the validity of the confinement resulting from a parole revocation hearing if she does not allege that the parole board's decision has been reversed, expunged, set aside or called into question. *Littles v. Bd. of Pardons and Paroles Div.*, 68 F.3d 122, 123 (5th Cir.1995); *see also McGrew v. Texas Bd. of Pardons & Paroles*, 47 F.3d 158, 161 (5th Cir.1995) (*Heck* bars § 1983 action challenging revocation of supervised release); c.*f., Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir.1995) (per curiam) (holding that *Heck* precludes § 1983 action which would impliedly invalidate a denial of parole as challenge to duration of confinement). When a state prisoner's § 1983 suit implicates the length of his or her incarceration, the complaint must be dismissed unless the plaintiff can demonstrate that the decision establishing the length of incarceration (here, the decision to revoke probation) has already been invalidated. *See Butterfield v. Bail*, 120 F.3d 1023, 1025 (9th Cir. 1997) (claim barred by *Heck* may be dismissed under Rule 12(b)). Plaintiff has not made any showing that the decision to revoke her probation due to violations of special conditions has been reversed, expunged, set aside or called into question. For this reason, the complaint is also subject to dismissal pursuant to 28 U.S.C. § 1915(e).

As to defendant Phelps, plaintiff alleges he "made some serious threats to [her in] August 2019" by telling her to move out of her home and accusing her of causing a "ruckus." To establish a prima facie case under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) the action occurred "under color of law" and (2) the action is a deprivation of a constitutional right or a federal statutory right. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). The purported verbal harassment or threats alleged by plaintiff does not rise to the level required to establish a constitutional violation. *See, e.g., McDowell v. Jones*, 990 F.2d 433, 434 (8th Cri.1993); *King v.*

*Olmsted*, 117 F.3d 1065, 1067 (8th Cir.1997) (verbal harassment actionable only if it is so brutal and wantonly cruel that it shocks the conscience, or if the threat exerts coercive pressure on the plaintiff and the plaintiff suffers from a deprivation of a constitutional right).  Moreover, a mere threat to do an unconstitutional act does not create a constitutional wrong.  *Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir.1987) (noting that a mere naked threat to engage in an act prohibited by the Constitution is not equivalent to doing the act itself).  A deprivation of "peace of mind" similarly does not support a constitutional claim.  *King*, 117 F.3d at 1067.  Accordingly, plaintiff's claims for verbal harassment against defendant Phelps is legally frivolous and/or fails to state a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No.  2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $76.68 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED** as moot.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.


RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 12th day of February, 2021.